**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 13-cv–01214-RM-BNB

JOHATHAN HEMPHILL,

    Plaintiff,

v.

ACE ADJUSTMENT CO., INC. D/B/A ASSET COLLECTION,

    Defendant.

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY**
**OF DEFAULT JUDGMENT**

---

Plaintiff Jonathan Hemphill ("Plaintiff") bring claims against Defendant Ace Adjustment Co., Inc. d/b/a/ Asset Collection Experts, Inc. ("Ace") in this action arising out of alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Before the Court is Plaintiffs' Motion for Entry of Default Judgment (the "Motion"). (ECF No. 23.)

For the reasons set forth below, Plaintiffs' Motion for Entry of Default Judgment is granted.

**I. BACKGROUND**

Plaintiff initiated this action on May 8, 2013, accusing Ace of repeated violations of the FDCPA. (ECF No. 1.) Plaintiff alleges that after he incurred a debt to a dentist office of $140, Ace attempted to collect the debt on behalf of the creditor dentist office, and in the course of attempting to collect the debt, Ace (a) "used an offensive and misleading tone with Plaintiff;" (b) Ace told Plaintiff that they were adding legal fees and $115 per day in interest. Plaintiff states that he "borrowed money from a family member and paid Defendant $498 out of fear that the

Debt would multiply within days." (*Id*. at 3.) Plaintiff further alleges that he was never provided with any "initial written correspondence informing Plaintiff of his rights under Federal law." (*Id*.)  Ace never answered the complaint or otherwise responded to this action.

Plaintiff filed a Motion for Entry of Default on October 10, 2013, and the Clerk of the Court entered an Entry of Default against Ace on the same date. (ECF Nos. 19, 20.)   Plaintiff subsequently filed the present Motion for Default Judgment on December 3, 2013. (ECF No. 23.)

The Court has reviewed the motion, the exhibits and affidavits and the applicable law, and is sufficiently advised on the issues involved.

## II. LEGAL STANDARD

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a).  "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir.1991) (internal quotation marks and citation omitted). Further, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted).

"Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit

mere conclusions of law." 10A Wright & Miller § 2688, at 63. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir.2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir.2008) (quotation marks and citation omitted).

### III. ANALYSIS

Based on a review of the well-pleaded facts and supporting evidence in Plaintiff's Complaint, the Court finds that he has sufficiently stated a claim under the FDCPA. The Court accepts as true Plaintiff's allegations that (1) he is a consumer and Ace is a debt collector as those terms are defined by the FDCPA; (2) Ace contacted Plaintiff on numerous occasions to attempt to collect on his debt; (3) in the course of attempting to collect the debt, Ace misrepresented the amount of the debt, used abusive language, and failed to make required disclosures. Taking Plaintiff's allegations as true, the Court must determine whether these facts constitute a legitimate cause of action entitling Plaintiff to default judgment.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses." 15 U.S.C. § 1692(e).  Plaintiff brings claims pursuant to § 1692(d), (e), (f), and (g).

Taking each of these in turn, first Plaintiff accuses Ace of violating § 1692(d), which forbids debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Included as prohibited behavior under this subsection is "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." 15 U.S.C.A. § 1692(d)(2).  The Court is uncertain whether the use of the word "stupid" would qualify as the type of abusive language described in this action, but it is unnecessary for the Court to decide this issue, because Plaintiff has successfully alleged various other violations of the FDCPA as described herein.

Plaintiff also accuses Ace of violating § 1692(e), which prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Taking Plaintiff's allegations as true, this Court finds that Plaintiff has established a violation of this provision of the FDCPA, as Ace misrepresented the amount owed to the creditor.

Plaintiff also accuses Ace of violating § 1692(f), which prohibits "unfair or unconscionable means" when collecting a debt; specifically, "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C.A. § 1692(f).  In the same manner as above, Plaintiff has established a violation of this provision in alleging that Ace attempted to charge interest in contravention of the agreement between the original creditor and debtor.

Finally, Plaintiff accuses Ace of violating the subsection of the FDCPA that required a debt collector to send an initial communication containing the amount of the debt and various other information. 15 U.S.C.A. § 1692(g). The Court also finds that Plaintiff has established a violation of this provision given the allegations in the Complaint.

Having found that Plaintiff has established that Ace violated various provisions of the FDCPA, the Court will now determine the amount of Plaintiff's statutory damages. The FDCPA provides for statutory damages in an amount "as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(2)(A). Pursuant to 15 U.S.C. § 1692k(b)(1), to determine the amount of statutory damages, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *See also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1609 (2010) (the court "must" consider the provisions of Section 1692k(b) in awarding statutory "additional damages").

In this case, Ace violated several provisions of the FDCPA, including actively misrepresenting what was owed on the debt. These violations appear to be intentional rather than by omission, and the Court therefore finds that that an award of the statutory maximum, $1000.00, is appropriate.

Plaintiff also seeks an award of attorney fees, costs, and expenses. (ECF No. 23-4.) The FDCPA prescribes that a successful party is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Because Plaintiff has prevailed in this action, he is entitled to recover her reasonable attorneys' fees and costs.

The fee award is determined through the calculation of the lodestar amount – "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  This is the "presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010). "The burden of proving the claimed number of hours and rate is on the applicant."  *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

Plaintiff seeks $3025.00 in attorney fees, including $425.00 in court costs related to the filing of the case.  Counsel for Mr. Hemphill charged an hourly rate of $325 for 5 ½ hours of work, and his paralegal spent 6 ½ hours of work at a rate of $125 per hour.  (ECF No. 23-4 at 1.)

"A reasonable rate is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, *supra* at 1018.  The requested rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, *supra* at 1078 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

"The weight of authority establishes that the prevailing rate in Colorado is $250.00 per hour for attorneys representing clients in FDCPA cases." *Peterson-Hooks v. First Integral Recovery, LLC*, No. 12-CV-01019-PAB-BNB, 2013 WL 2295449 (D. Colo. May 24, 2013) (collecting cases).  There has been no showing of unusual or special services in this instance, and thus, the Court deems the $325 rate to be excessive, and finds that $250 is a reasonable rate. Thus, the requested fee amount of $3025 will be reduced to $2612.50.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Entry of Default Judgment (ECF No. 23) is GRANTED;

2. Plaintiff is entitled to $1000.00 in statutory damages from Defendant;

3. Plaintiffs are entitled to attorneys' fees and expenses in the amount of $2612.50 as described herein.

DATED this 25th day of September, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge